## Ex Parte BOLLING, in re GAFFNEY.

[PETITION FOR HABEAS CORPUS, CERTIORARI, &C.]

1. *Discharge from military service by medical board, for physical disability.*
A certificate from the proper medical board, which declares the con-
script to whom it is granted, on account of permanent physical dis-
ability, "exempt from service, or any further examination, unless
specially ordered by the medical board for the district, or by the com-
mandant of conscripts, or by the bureau of conscription", does not
protect him from being again ordered before the medical board for
examination, under the orders issued by the war department on the
14th October, 1864.
2. *Respective rights of State and Confederate governments to military servi-
ces of citizen.*—The Confederate States government may at any time
re-assert its right to the military services of a citizen, who, having
been enrolled as a conscript, procured a discharge on the certificate
of a medical board, on the ground of permanent physical disability,
and enlisted in the militia service of the State.

In the matter of the petition of Captain S. J. Bolling, for
the writ of *habeas corpus*, by which he sought to procure the
discharge of Davis T. Gaffney from the custody of the en-
rolling officer of the Confederate States for Butler county.
The petition was sued out on the 7th January, 1865, and
was heard on the 18th January, before the Hon. JOHN K.
HENRY, judge of the 11th judicial circuit, on an agreed state-
ment of facts, from which it appeared that said Gaffney,
having been regularly enrolled as a conscript, was dis-
charged by the medical board for the examination of con-
scripts, on the 18th July, 1863; that on the 18th October,
1864, he was again ordered before the medical board for
examination, and was again discharged; that on the 10th
August, 1863, he enlisted in a company of State reserves,
which had been organized by Captain Bolling under the
authority of the governor; that on the 28th December, 1864,
he was again ordered by Lieutenant Barton, inspector of
conscripts for the sixth congressional district, to go before
the medical board at " Camp Watts" for examination; and
that Captain Bolling's company, of which he was then a

member, "was at that time in the active service of the State, for the purpose of resisting invasion." On these facts, the circuit judge decided, that Captain Bolling was not entitled to the custody of said Gaffney, and therefore dismissed his petition. A bill of exceptions was reserved to this decision, and application is now made to this court to revise it.

H. A. HERBERT, for the petitioner.
B. F. PORTER, for the Confederate States.

STONE, J.—The petitioner produced before the circuit judge a certificate of discharge, signed by the medical board for the examination of conscripts for the proper district, which declared said petitioner *"exempt from service, or any further examination,* unless specially ordered by the medical board for examination of conscripts for the district in which said Davis Gaffney resides, or by the commandant of conscripts for the State, or by the bureau of conscription." This certificate was dated October 20th, 1864. Petitioner had received a similar certificate in July, 1863. After this, to-wit, in December, 1864, petitioner was ordered by Lieut. Barton, inspector of conscription of the 6th congressional district of Alabama, for examination before the medical board at "Camp Watts," Alabama. Relying on his discharge for permanent disability, stated above, the petitioner, denying his liability to be again carried before a medical board, applied for a *habeas corpus* to obtain his release from the custody of the enrolling officer. The circuit judge refused to discharge him.

The act of congress, approved February 17th, 1864, declares exempt from military service "all who shall be held unfit for military service, under rules to be prescribed by the secretary of war."—Acts of 1st congress, 4th session, p. 213. Under the authority of this clause, the war department, in general order No. 81, October 14th, 1864, issued and published the following order: "Generals commanding reserves in the several states will, without delay, select and send officers, one to each congressional district, empowered to summon, and, after inspection, forward to the camps of instruction, all persons holding certificates of permanent

disability; and such persons assigned to light duty, as in his judgment appear likely to be adjudged qualified for active service. All such as may, upon examination, be pronounced by select medical boards so qualified, will be assigned to duty in the field. The inspectors of conscription may be charged with this additional duty, in the absence of other suitable officers."

Under this order, Lieut. Barton, the inspector of conscription for the sixth district, has been, by the general in command of the reserve forces in this State, charged with the execution of the duties it enjoins.—See general order No. 148, from Major-General Withers, commanding reserves in Alabama.

This plain statement of rules clearly shows that, although the petitioner had and exhibited his certificate of discharge for permanent disability, still the inspector of conscription, charged with the execution of the duties enjoined by general order No. 81, (series of 1864,) was authorized to order him again before a medical board, for further examination. Such order was within the very letter of his discharge, and within the letter of the regulations made and published for the execution of the act of congress. There is, therefore, nothing in this point of the case.

[2.] The other ground on which the petitioner seeks his discharge, was considered and ruled adversely to him, in the case of *Ex parte Watts*, at the present term.

Writ of *habeas corpus* refused.